UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 19-674

**Caption [use short title]**

**Motion for:** An Order to Stay Briefing

**Set forth below precise, complete statement of relief sought:**

The government requests that the briefing in this appeal from the district court's restitution order be stayed pending (1) resolution of the government's motion for an amended restitution order, pending before the district court, and (2) resolution of the defendant's merits appeal, which overlaps significantly with this restitution appeal

United States v. Carpenter

**MOVING PARTY:** United States of America
**OPPOSING PARTY:** Daniel E. Carpenter

☐ Plaintiff ☐ Defendant
☐ Appellant/Petitioner ☑ Appellee/Respondent

**MOVING ATTORNEY:** David E. Novick
**OPPOSING ATTORNEY:** Jonathan J. Einhorn

[name of attorney, with firm, address, phone number and e-mail]

United States Attorney's Office
157 Church Street New Haven, CT 06510
(203) 821-3700 / david.novick@usdoj.gov

129 Whitney Avenue
New Haven, CT 06510
(203) 777-3777 / einhornlawoffice@gmail.com

**Court-Judge/Agency appealed from:** Hon. Robert N. Chatigny, United States District Judge, District of Connecticut

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No
Requested return date and explanation of emergency:

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☑ Yes ☐ No ☐ Don't Know

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☐ No If yes, enter date:

**Signature of Moving Attorney:**
/s/ David E. Novick **Date:** 5/24/2019 **Service by:** ☑ CM/ECF ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-674 |
| Appellee, | |
| -v- | |
| DANIEL CARPENTER, | |
| Defendant-Appellant. | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO STAY BRIEFING**

Pursuant to Local Rule 27.1, the appellee United States of America submits this memorandum in support of its motion to stay briefing in this matter pending the resolution of (1) the district court's consideration of a request for an amended order of restitution and (2) the merits appeal in this matter. The present appeal is from a restitution order in which the district court requested additional briefing regarding a portion of the requested restitution. That additional briefing is pending, and the district court has not yet ruled. Moreover, restitution in this fraud case is largely a function of loss, which is one of the issues already raised in the defendant's opening merits brief. Proceeding with the present appeal absent a resolution of the restitution issue below, and absent a decision on the

1

merits appeal, would potentially place the same issues before three different panels, create the potential for inconsistent judgments, and create needless and inefficient duplication of work.

## Background

On December 12, 2013, a grand jury returned a 33-count indictment charging Carpenter and a co-conspirator[1] with wire fraud, mail fraud, and conspiracy to commit mail and wire fraud. On May 14, 2014, the same grand jury returned a 57-count superseding indictment that added charges of money laundering conspiracy, illegal monetary transactions, and money laundering. In the fraud counts, Carpenter was charged with leading a scheme and conspiracy to defraud life insurance providers into issuing and maintaining Stranger-Originated Life Insurance ("STOLI") policies—insurance policies on the lives of strangers that Carpenter could resell after the two-year contestability period. In the money laundering and illegal monetary transaction counts, Carpenter was charged with several financial transactions using the proceeds of death benefits that were paid on fraudulently obtained policies.

---

[1] The co-conspirator passed away prior to trial.

A bench trial commenced on February 16, 2016 and concluded on March 21, 2016. On June 6, 2016, the district court found Carpenter guilty on all 57 counts. On December 3, 2018, the district court sentenced Carpenter to 30 months' imprisonment. Carpenter filed a timely notice of appeal and moved for bond pending appeal, which the district court denied. This Court then affirmed the district court's denial of bond, and Carpenter is currently serving his sentence.

At the time of sentencing, the district court ordered supplemental briefing on restitution, and the judgment left open the amount of restitution. The government requested restitution in the amount of $57,683,736.86, *see* Dkt. 462 at 5, 14, which was based on the actual loss methodology adopted by the district court at sentencing, *see* Sentencing Tr., Vol. II (Dkt. 422) at 175-177. Of the total $57,683,736.86 that the government requested, $18,127,871.54 was to be paid to the victim insurance companies and $39,555,865.32 was to be paid to the reinsurers who reimbursed victim providers for the death benefits they paid on the STOLI policies. *See* Dkt. 462-3.

On February 26, 2019, the district court granted in part the government's restitution request. Dkt. 465. The district court ordered the government to submit a proposed restitution order excluding from the payment due any sums included in the "Fees" column on the government's actual loss chart. *Id.* Accordingly, on March 1, 2019, the government submitted a proposed restitution order requesting total restitution in the amount of $52,420,891.50. Dkt. 468-1. This amount was comprised of $12,865,026.18 to be paid to the victim insurance companies and $39,555,865.32 be paid to the reinsurers. *Id.* at 8.

On March 4, 2019, the district court granted in part the proposed order. Dkt. 470. The district court ordered restitution to the victim insurance providers in the amount of $12,865.026.18. *Id.* at 1. The restitution order did not include restitution to the reinsurers. The district court indicated that further proceedings were necessary on the issue of restitution to the reinsurers. *Id.* at 1 n.1. During a telephonic status conference on March 5, 2019, the district court ordered the Government to submit a supplemental memorandum regarding restitution to the reinsurers. Dkt. 472, 473. On March 18, 2019, Carpenter filed a notice of appeal from the district court's restitution order, notwithstanding the order's invitation

4

for further briefing regarding restitution to reinsurers and the prospect of an amended order. Dkt. 470 at 1 n.1. On April 9, 2019, the government filed its memorandum in support of restitution to reinsurers. Dkt. 485. Carpenter responded on April 30, 2019. Dkt. 492.

On April 23, 2019, Carpenter filed his opening brief in his merits appeal. Case No. 19-70, Dkt. 56. Among the issues raised, Carpenter challenges the district court's determination of actual loss. *Id*. at 58-85. Actual loss was the central component in the district court's determination of restitution, which is the subject of this appeal. Dkt. 465 (equating restitution to "actual loss," minus fees). The government's response to Carpenter's merits brief is due on July 23, 2019.

## Discussion

The government respectfully requests that the briefing in this appeal from the district court's restitution order be stayed until (1) the district court has resolved the pending litigation over restitution to reinsurance companies and (2) this Court has decided the pending merits appeal.

*First*, the Court should not take up the present appeal while a motion to amend the restitution order is pending in the district court. This Court's jurisdiction is limited to "final decisions" of the district court. 28

5

U.S.C. § 1291. As the Eighth Circuit observed, "[t]he final judgment rule is designed to insure that the scarce resources of litigants and the courts are not wasted in interlocutory appeals that impede the flow of litigation, making it difficult and expensive to reach a final resolution of issues." *Miller v. Special Weapons, L.L.C.*, 369 F.3d 1033, 1034 (8th Cir. 2004). Here, the district court issued a restitution order that only concerned part of the requested restitution, and reserved judgment regarding the remainder, pending "further proceedings." Dkt. 470 at 1 n.1. The district court ordered briefing on an amended restitution order prior to the notice of appeal in this case. Dkt. 472, 473. That briefing is pending before the district court. Proceeding with briefing now will result in a waste of the Court's and the parties' time and resources considering the legality of an order that may very well be amended shortly. While the Court would be within its right to dismiss the appeal pending resolution of the application for an amended order, the government suggests that briefing may simply be stayed and then appeals be consolidated if an amended order is issued and appealed from.

*Second*, the Court should likewise stay briefing until resolution of the merits appeal. The issues the Court will consider and resolve in the

merits appeal overlap with the issue raised in this appeal of the restitution order. Restitution is principally driven in this fraud case by the actual loss caused by Carpenter's scheme, and Carpenter has appealed that actual loss calculation in his opening merits brief. Permitting this appeal to proceed at this time would duplicate efforts of not only the parties, but also of potentially two different panels of this Court addressing essentially the same issue. Moreover, the resolution of the actual loss calculation in the merits appeal may well render some (if not all) of Carpenter's challenges to the restitution amount moot.

By staying the briefing schedule, the panel considering restitution would have the benefit of a decision on loss by the panel considering the merits appeal. Staying the briefing schedule in this appeal would also conserve judicial resources and avoid the possibility of inconsistent judgments. *Cf. Chem One, Ltd. v. M/V RICKMERS GENOA*, 660 F.3d 626, 642 (2d Cir. 2011) (explaining that a court should consider judicial economy in assessing whether consolidation of appeals is appropriate in given circumstances.)[2] There is no meaningful prejudice to Carpenter in issuing

---

[2] Carpenter has declined the government's suggestion to consolidate the restitution appeal with the merits appeal.

a stay of the restitution appeal because the government is not suggesting a stay in the merits appeal.

Counsel for Carpenter consents to staying the briefing schedule until the resolution of the application for an amended restitution order, but objects to a stay pending resolution of the merits appeal.

## Conclusion

The government respectfully requests that the Court stay the briefing schedule pending the resolution of the government's application for an amended restitution order and resolution of the merits appeal.

    Respectfully submitted,

    JOHN H. DURHAM
    U.S. ATTORNEY

    DAVID E. NOVICK
    ASSISTANT U.S. ATTORNEY
    157 Church Street
    New Haven, CT 06510
    (203) 821-3700

STATE OF CONNECTICUT

　　　　　　　　　　　　　　　　　　ss: New Haven, Connecticut

COUNTY OF NEW HAVEN

## AFFIDAVIT

I, DAVID E. NOVICK, state as follows:

1. I am an Assistant United States Attorney for the District of Connecticut. I represent the United States in the captioned appeal, and I am admitted to practice before this Court.

2. I make this affidavit in support of the Government's motion to stay the briefing in this appeal.

3. The facts in the Government's memorandum attached to this motion are true and correct to the best of my knowledge and belief.

4. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 24, 2019.

　　　　　　　　　　　　AFFIANT

　　　　　　　　　　　　DAVID E. NOVICK
　　　　　　　　　　　　ASSISTANT U.S. ATTORNEY

9

## CERTIFICATE OF SERVICE

This is to certify that on May 24, 2019, a copy of the foregoing motion and memorandum of law was filed electronically and served by first-class United States mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
DAVID E. NOVICK
Assistant U.S. Attorney